Earl D. TANNER and Mary Louise Tanner, his wife, David V. Trask, Grant S. Kesler and Larry V. Lunt, Petitioners,

v.

The DISTRICT JUDGES OF the THIRD JUDICIAL DISTRICT COURT In and For SALT LAKE COUNTY, State of Utah and the Honorable David B. Dee, District Judge, Respondents.

No. 18342.

Supreme Court of Utah.

May 25, 1982.

Robert S. Campbell, E. Barney Gesas, Salt Lake City, for petitioners.

Harold A. Hintze, William D. Oswald, Salt Lake City, for respondents.

PER CURIAM:

Petitioners herein seek an extraordinary writ requiring the district court to give them an evidentiary hearing in the case of *Redevelopment Agency of Salt Lake City v. Earl D. Tanner, et al.*, Civil No. C80–250. On July 23, 1981, this Court remanded that case, together with the record and file, to the third district court "for further proceedings on the issue of the Redevelopment Agency's entitlement to condemn the Landowners' real property and improvements." Petitioners claim that they were induced to withdraw their challenge to the Salt Lake City Redevelopment Agency's (hereafter "R. D. A.") condemnation proceeding against their property by specific representations that the subject property would be used for a municipal office building and plaza complex. That challenge[1] included assertions that the subject property was not a "blighted property" within the meaning of U.C.A., 1953, §§ 11–19–2(10) and 11–19–9, and that there was in fact no legitimate "public use" for the property as required by § 78–34–1. Petitioners claim that the R. D. A.'s representations to them about the city office building and plaza complex persuaded them that the property was being

1. *Larry v. Lunt, et al. v. Salt Lake City Corporation, Redevelopment Agency, et al.*, Civil No. C79–4829 (Utah Third District Court).

condemned for a public use within the statutory requirements. They therefore were led to believe that they had no valid defense in the condemnation action, nor possibility of success in the related lawsuit noted above. Consequently, they were willing to enter into a stipulation which assumed the existence of the R. D. A.'s entitlement to condemn. Pursuant to that stipulation, they removed from court the condemnation funds deposited by the R. D. A. They now claim that the representation concerning the public building construction was either false when made, or has become false because the redevelopment agency has abandoned the plan calling for such construction. The argument is that petitioners should be allowed to pursue defenses which they gave up only because the agency misrepresented, or has abandoned, the existence of an uncontroverted public use.

An agreement obtained by misrepresentation, fraud, or mistake is generally voidable. 17 Am.Jur.2d *Contracts* § 143, *et seq.* (1964). In this case, petitioners have set forth claims which, if proved, might entitle them to relief from the effect of their stipulation. The lower court held that petitioners' withdrawal of the condemnation funds deprived the court of subject matter jurisdiction by virtue of the operation of U.C.A., 1953, § 78-34-9. However, the essence of petitioners' claim is that they withdrew those funds pursuant to the stipulation which was wrongfully obtained. The trial court does have jurisdiction to hear the evidence on that question, and to determine whether or not the stipulation should be set aside with any appropriate adjustments in the position of the parties. We note that this ruling is limited to these particular facts, where it appears that, because of the appeal, the condemnation case has not gone to final judgment, and is still pending before the trial court upon remand from this Court for the very purpose of conducting the above-described evidentiary inquiry. The petition is therefore granted.